IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2018

## ROBERT EARL BORNER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Trousdale County**
**No. 2017-CV-4661     John D. Wootten, Jr., Judge**

_____

### No. M2017-02305-CCA-R3-HC

_____

The Petitioner, Robert Earl Borner, appeals the dismissal of his petition for writ of habeas corpus. He argues that the indictment is void because it failed to state the essential elements of the conviction offense. After a thorough review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Robert Earl Borner, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Leslie E. Price, Assistant Attorney General, for the Appellee, State of Tennessee.

### OPINION

### FACTS AND PROCEDURAL HISTORY

In 2011, a McNairy County Circuit Court jury convicted the Petitioner of the delivery of less than .5 grams of cocaine, and the trial court imposed a sentence of eight years in the Tennessee Department of Correction. *See State v. Robert Earl Borner*, No. W2012-00473-CCA-R3-CD, 2013 WL 1644335, at *1 (Tenn. Crim. App. Apr. 16, 2013). On October 10, 2017, the Petitioner filed a petition for writ of habeas corpus, alleging that the indictment is void because it charged him with the delivery of ".5 grams or less" of cocaine instead of "less than .5 grams of cocaine." On October 20, 2017, the habeas corpus court summarily dismissed the petition, noting that the Petitioner's claim had been considered and rejected by this court on direct appeal and that the indictment was not so defective as to deprive the trial court of jurisdiction.

**ANALYSIS**

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993). Habeas corpus relief is appropriate "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* at 164 (citation omitted). The writ may be used to correct judgments that are void, rather than merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void when it "is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Id.* A voidable judgment "is one which is facially valid and requires the introduction of proof beyond the face of the record or the judgment to establish its invalidity." *Id.* This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

In addition to his claim that the indictment was void, the Petitioner raises a variety of issues in this appeal that he did not raise in his original petition for writ of habeas corpus. These issues are waived because the Petitioner has raised them for the first time on appeal. *See State v. Howard*, 504 S.W.3d 260, 277 (Tenn. 2016) ("It is well-settled that a defendant may not advocate a different or novel position on appeal."); *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived.").

The appellant contends that the indictment charged him with delivering ".5 grams or less" of cocaine, did not follow the statutory language, and did not provide adequate notice of the offense charged. He maintains that the indictment should have charged him with delivering "less than .5 grams" of cocaine. He notes that Tennessee Code Annotated section 39-17-417(a)(2), (c)(1), and (c)(2) prohibits the delivery of cocaine in the amount of less than .5 grams, which is a Class C felony, and in the amount of .5 grams or more, a Class B felony; he contends that the indictment was confusing because it "suggest[ed] culpability for both classes of sale/delivery crimes." The State maintains that the appellant waived the issue by failing to raise it prior to trial and that, regardless, the indictment was sufficient.

The Petitioner challenged the validity of the indictment on direct appeal, but this court concluded that the Petitioner "waived his right to complain about the alleged defect" in the indictment because he "did not raise the issue of the sufficiency of the indictment prior to trial." *Robert Earl Borner*, 2013 WL 1644335, at *6-7. Because a

valid indictment is a jurisdictional element, an indictment so defective that it does not vest jurisdiction in the trial court may be challenged pursuant to the writ of habeas corpus. *Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000). An indictment is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). Despite the minor defect noted by the Petitioner, the indictment in this case satisfies these minimum requirements. The Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, JUDGE